UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KODY BARCUS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CIA,<br><br>　　　　　Defendant. | No. 2:14-cv-2723-JAM-EFB PS<br><br><br>ORDER |

Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1] His declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, must be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

1

1  *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41
2  (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's obligation to provide the 'grounds' of
3  his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of
4  a cause of action's elements will not do.  Factual allegations must be enough to raise a right to
5  relief above the speculative level on the assumption that all of the complaint's allegations are
6  true."  *Id*. (citations omitted).  Dismissal is appropriate based either on the lack of cognizable
7  legal theories or the lack of pleading sufficient facts to support cognizable legal theories.
8  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

9  In reviewing a complaint under this standard, the court must accept as true the allegations
10  of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976),
11  construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the
12  plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must satisfy
13  the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2)
14  "requires a complaint to include a short and plain statement of the claim showing that the pleader
15  is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds
16  upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing
17  *Conley v. Gibson*, 355 U.S. 41 (1957)).

18  Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only
19  those cases authorized by the Constitution and by Congress.  *Kokkonen v. Guardian Life Ins. Co.*,
20  511 U.S. 375, 377 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332,
21  confer "federal question" and "diversity" jurisdiction, respectively.  Federal question jurisdiction
22  requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a
23  "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be
24  authorized by a federal statute that both regulates a specific subject matter and confers federal
25  jurisdiction.  *Baker v. Carr*, 369 U.S. 186, 198 (1962).  To invoke the court's diversity
26  jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the
27  matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World*
28  *Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction

of the federal courts unless demonstrated otherwise.  *Kokkonen*, 511 U.S. at 376-78.  Lack of subject matter jurisdiction may be raised at any time by either party or by the court.  *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Plaintiff's complaint alleges that the CIA had plaintiff "on a project known as mk ultra," which, plaintiff says, "is a federal issue and has been to court before . . . ."  ECF No. 1.  He further alleges that he would "like compensation for the grief they have caused" him, as well as any "information on what they have done to" him.  *Id*.  The complaint contains no further allegations.

The complaint does not allege any specific claims for relief and fails to assert any basis for this court's subject matter.  Nor does plaintiff's complaint allege any facts that would state a claim against a named defendant that is plausible on its face.  *See generally* Compl., ECF No. 1.

Therefore, plaintiff's complaint must be dismissed.  Although the current complaint provides little reason to anticipate that an amendment will cure its defects, plaintiff is granted leave to file an amended complaint to assert, if he can, a basis for this court's jurisdiction, as well as a cognizable legal theory against a proper defendant and sufficient facts in support of any such claim.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).  Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the allegations against the defendant and specify a basis for subject matter jurisdiction.  Any amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c).  Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete.  Local Rule 220 requires that an amended complaint be

complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. See Local Rule 110.

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Plaintiff's complaint is dismissed with leave to amend, as provided herein.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: April 14, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE